Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

~~Eastern~~ Division

**Southern**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

OCT 06 2017

ARTHUR JOHNSTON
BY_____ DEPUTY

Case No. **1:17cv281LG-RHW**

*(to be filled in by the Clerk's Office)*

Chad Edward Spiers

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Gloria Perry, et al

( SEE ATTACHED )

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

United States District Court

For THE

Southern District of Mississippi

Chad Edward Spiers

V.

Gloria Perry;
Ron Woodall;
Mike Hatten;
Doctor McCleave;
Nurse Eubanks;
Nurse Brown;
Mississippi Dept of Corrections;
Centurion of MS, LLC;
MHM Services, Inc;
Pelicia Hall;
Darrell Baughn
Kevin Jackson

Case No. _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Chad Edward Spiers

All other names by which you have been known: Chad Spiers

ID Number: # R2904

Current Institution: South Mississippi Correctional Institution

Address: Area 1, Unit 7 A, 1-11    PO Box 1419

Leakesville    MS    39451
City    State    Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: Gloria Perry

Job or Title *(if known)*: Chief Medical Officer

Shield Number:

Employer: Mississippi Dept. of Corrections

Address: 633 North State Street

Jackson    MS    39202
City    State    Zip Code

[X] Individual capacity  [X] Official capacity

Defendant No. 2

Name: Ron Woodall

Job or Title *(if known)*: Doctor, Medical Director at SMCI

Shield Number:

Employer: Centurion of Mississippi, LLC/MHM services, inc

Address: PO Box 1419

Leakesville    MS    39451
City    State    Zip Code

[X] Individual capacity  [X] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                         Mike Hatten
    Job or Title *(if known)*    Health Service Administrator
    Shield Number
    Employer                     Mississippi Dept. of Corrections
    Address                      PO Box 1419
                                 Leakesville        MS        39451
                                 *City*            *State*    *Zip Code*
                                 ☒ Individual capacity   ☒ Official capacity

Defendant No. 4
    Name                         "Nurse" Eubanks
    Job or Title *(if known)*    Nurse
    Shield Number
    Employer                     Centurion of Mississippi, LLC /MHM services, Inc
    Address                      PO Box 1419
                                 Leakesville        MS        39451
                                 *City*            *State*    *Zip Code*
                                 ☒ Individual capacity   ☒ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Denial of Medical Care and Equal Protection

The Eighth and Fourteenth Amendments, U.S. Constitution

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

B. <u>Defendants</u>

Defendant No. 5

    <u>Name</u>: "Nurse" Brown

    <u>Job or Title</u>: Nurse

    <u>Employer</u>: Centurion of MS, LLC / MHM Services, Inc

    <u>Address</u>: PO Box 1057

           Parchman, MS 38738

           ☒ Individual Capacity    ☒ Official Capacity

Defendant No. 6

    <u>Name</u>: Charmine McCleave

    <u>Job or Title</u>: Doctor

    <u>Employer</u>: Centurion of MS, LLC / MHM Services, Inc

    <u>Address</u>: PO Box 1419

           Leakesville, MS 39451

Defendant No. 7

    Name: Mississippi Department of Corrections

    Job or Title: MDOC

    Employer: The State of MS

    Address: 633 North State St.

           Jackson, MS 39202

           ☐ Individual Capacity    ☒ Official Capacity

B. <u>Defendants</u>

Defendant No. 8

    Name: Centurion of Mississippi, LLC

  Job or Title: Onsite Medical Vendor

    Address: 111 E. Capitol Street; Suite 500

        Jackson, MS 39201

        ☐ Individual Capacity ☒ Official Capacity

Defendant No. 9

    Name: MHM Services, Inc

  Job or Title: Onsite Medical Vendor operating under the name Centurion of MS, LLC

  Address: 1593 Spring Hill Road; Suite 600

      Vienna, VA 22182

      ☐ Individual Capacity ☒ Official Capacity

Defendant No. 10

    Name: Pelicia Hall

  Job or Title: Commissioner of MDOC

  Address: 633 North State St.

      Jackson, MS 39202

      ☒ Individual Capacity ☒ Official Capacity

Defendant No. 11

    Name: Darrell Baughn

  Job or Title: General Counsel/SAAG of MDOC

    Address: 633 North State St.

      Jackson, MS 39202

      ☒ Individual Capacity ☒ Official Capacity

Pg 3 B

Defendant No. 12

   Name: Kevin Jackson

  Job or Title: Director of Constituent Service for MDOC

   Address: 633 North State St.

       Jackson, MS  39202

     ☒ Individual Capacity    ☒ Official Capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached Pages marked II D., 4A, 4B, 4C

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☒   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Beginning March 22, 2017 at MSP, up untill the present at SMCI.

II D.

1.  Defendant Gloria Perry is employed by the Mississippi Dept. of Corrections as the Chief Medical Officer. Defendant Perry was on duty at MDOC as the official Chief Medical Officer at all times outlined in this complaint and working for the state government at all times when she violated Plaintiff's rights as outlined herein.

2.  Defendant Ron Woodall is employed by MHM Services/Centurion of MS, LLC, a company contracted by MDOC to provide medical care to state inmates. Defendant Woodall was on duty as the official Medical Director at SMCI at all times outlined in this complaint and was working as a state government medical director at all times when he violated Plaintiff's rights as outlined herein.

3.  Defendant Mike Hatten is employed by MDOC as the Health Service Administrator at SMCI. Defendant Hatten was on duty at MDOC/SMCI as the Health Service Administrator at all times outlined in this complaint and working for the state government at all times when he violated Plaintiff's rights as outlined herein.

4.  Defendant McCleave is employed by MHM Services/Centurion of MS, LLC, a company contracted by MDOC to provide medical care to state inmates. Defendant McCleave was on duty at MDOC/SMCI as an official medical provider at all times outlined in this complaint and was working as a state government medical provider at all times when she violated Plaintiff's rights as outlined herein.

Pg 4A

II D.

5. Defendant Eubanks is employed by MHM Services/Centurion of MS, LLC, a company contracted by MDOC to provide medical care to state inmates. Defendant Eubanks was on duty at MDOC/SMCI as an official Nurse at all times outlined in this complaint and was working as a state government Nurse at all times when she violated Plaintiff's rights as outlined herein.

6. Defendant Brown is employed by MHM Services/Centurion of MS, LLC, a company contracted by MDOC to provide medical care to state inmates. Defendant Brown was on duty at MDOC/MSP as an official Nurse at all times outlined in this Complaint and was working as a state government Nurse at all times when she violated Plaintiff's rights as outlined herein.

7. Defendant Mississippi Dept. of Corrections has sole custody of Plaintiff. Defendant MDOC had custody of Plaintiff as a government agency at all times outlined in this complaint when it's employees, representing MDOC violated Plaintiff's rights herein

8. Defendant Centurion of MS, LLC is a company contracted by MDOC to provide health care to state inmates. Defendant Centurion of MS, LLC was the official onsite health care provider at MDOC/MSP/SMCI at all times outlined in this complaint and was working as a state government health care provider at all times when it violated Plaintiff's rights as outlined herein.

Pg 4 B

. II D.

9. Defendant MHM Services, Inc is the parent company of Centurion of MS, LLC, a company contracted by MDOC to provide health care to state inmates. Defendant MHM Services, Inc was on duty at MDDC/MSP/SMCI as the official health care provider at all times outlined in this complaint and was working as a state government health service provider at all times when it violated Plaintiff's rights as outlined herein.

10. Defendant Pelicia Hall is the Commissioner of MDOC. Defendant Hall was on duty at MDOC as the Commissioner at all times outlined in this complaint and was working for the state government at all times when she violated Plaintiff's rights as outlined herein.

11. Defendant Darrell Baughn is the General Counsel of MDOC. Defendant Baughn was on duty at MDOC as General Counsel at all times outlined in this complaint and was working for the state government at all times when he violated Plaintiff's rights as outlined herein.

12. Defendant Kevin Jackson is the Director of Constituent Services for MDOC. Defendant Jackson was on duty at MDOC as the Director of Constituent Services at all times as outlined in this complaint and was working for the state government at all times when he violated Plaintiff's rights as outlined herein.

Page 4C

IV. Statement of Claim

D.

1.) On 3-20-17, Plaintiff, Chad E. Spiers was at Marshal County Correctional Facility and underwent bloodwork/labwork and was tested for many things.

2.) On 3-22-17 Plaintiff was transfered to the Mississippi State Penitentary (MSP) at Parchman. While there, Plaintiff spoke to Centurion/MHM employee Nurse Brown about his test results. Nurse Brown told the Plaintiff that his results came back normal.

3.) On 4-13-17 Plaintiff was transfered to the South Mississippi Correctional Institution (SMCI) in Leakesville, Ms.

4.) On 4-20-17 Plaintiff went to the hallway for Chronic Care Clinic and seen doctor Charmine McCleave, an employee of Centurion/MHM services. Dr. McCleave told the plaintiff that he'd tested positive for hepatitis C, and his liver enzymes were a little high, but not high enough to warrant treatment. Dr. McCleave told the plaintiff that his name would go on a list, and he'd be monitored every 90 days.

5.) On 5-11-17 Plaintiff sent out a grievance with the Administrative Remedy Program (ARP) through the ILAP Dept. Plaintiff attached a letter to the ARP Investigator Cooley asking that the grievance be handled urgently. MDOC SOP 20-08-01 titled Grievance Procedures states: " If an offender feels he is subjected to emergency conditions, he must send an emergency request to the ARP Director. The ARP Director will immediately review the request and forward the request to the level at which corrective action can be taken." (See Exhibit 31) (lines 219-221)

6. In this ARP Plaintiff alleged that he was being denied medical care for a serious medical (Hep C) and was requesting to be cured with the new Direct Acting Antiviral medication, such as

Page 4 D

- Harvoni or Solvaldi. Harvoni is a cure for Hep C. (See Exhibit 30)

6.) On 5-19-17 Plaintiff sent in a sick call requesting the Cure for Hep C, but this sick call request went unanswered.

7.) On 5-21-17 Plaintiff sent in an informal grievance to Centurion of MS, LLC in accordance to Centurion's Inmate Grievance Procedure, (See Exhibits 1 and 2). Plaintiff requested the Cure for Hep C, but never received a response.

8.) On 5-28-17 Plaintiff sent in a formal grievance to Centurion of MS, LLC in accordance to Centurion's Inmate Grievance Procedure, (See Exhibits 1 and 3). Plaintiff again requested the Cure for Hep C, but again, never received a response.

9.) On 6-1-17 Plaintiff mailed of a letter to MDOC's Chief Medical Officer Gloria Perry. Plaintiff sent this letter through ILAP to MDOC's General Counsel Darcell Baughn, See Exhibit 4. Plaintiff requested the Cure for Hep C. He did not receive a response back to these letters.

10.) On 6-5-17 Plaintiff mailed in a third grievance to Centurion of MS at SMCI, (See Exhibits 1 and 5) Plaintiff never recieved a response to this grievance.

11.) On 6-10-17 Plaintiff sent in a sick call request for Hep C treatment, (see Exhibit 6) This sick call request went unanswered

12.) On 6-18-17 Plaintiff sent in another sick call request for Hep C treatment, (See Exhibit 7) This sick call went unanswered.

13.) On 6-18-17 Plaintiff sent in a request to MDOC employee Mike Hatten, the Health Service Administrator at SMCI, (See Exhibit 8.) Plaintiff requested treatment for Hep C. Mike Hatten did not respond to this request.

14.) On 6-18-17 Plaintiff sent in a request to Centurion/MHM services employee Ron Woodall, the Medical Director for SMCI, (See Exhibit 9) Plaintiff alleged denial of Medical treatment for hep C and

Page 4E.

requested the cure. Dr. Ron Woodall did not respond back to this request.

15) On 6-21-17 during afternoon pill-call, Defendant Nurse Eubanks told the Plaintiff that she personally checked his lab work from 3-20-17, and all his levels were normal. Nurse Eubanks explained that she talked to the doctor and the doctor told her that the Plainiff is not sick enough to be treated for Hep C and that only MDOC, Gloria Perry, could approve the treatment. Offender Melvin Davis is the Plaintiff's cellmate, and he witnessed this conversation between Nurse Eubanks and Plaintiff. (See Exhibit 32)

16) On 6-26-17 Plaintiff sent in another sick call requesting to be cured of Hep C by new DAA medications. (See Exhibit 10)

17) On 6-26-17 Plaintiff sent in another request to Health Service Administrator, Mike Hatten requesting to be cured of Hep C. (See Exhibit 11)

18) On 6-26-17 Plaintiff sent in another request to Dr. Ron Woodall, Medical Director. (See Exhibit 12) Plaintiff requested the cure for Hep C, but his request went unanswered.

19) On 6-29-17 was called out to see Dr. McCleave and Nurse Practitioner Ford. Dr. McCleave told Plaintiff that he would not be treated for Hep C because he had received a tattoo in prison, and they would not spend one hundred thousand dollars. Plaintiff directly asked Dr. McCleave if she was denying him medical treatment because he'd gotten a tattoo, and she replied that they would not pay for it. She explained that Gloria Perry, MDOC's Chief Medical Officer is the only person who can approve treatment for Hep C.

Nurse Practitioner Ford was sitting behind the computer reading the Plaintiff's lab results from 3-20-17. She told the Plaintiff that not only does he have Chronic Hep C, but he's had Hep A and B as well. Nurse Practitioner Ford also told Plaintiff that his liver enzyme level was more than three times the

normal level, and his name should be submitted for treatment. Nurse Practitioner Ford was looking at the same lab results that Nurse Brown at MSP looked at in March when she told him that his results were normal; The same results that Nurse Eubanks on 6-21-17 told Plaintiff his levels were normal; And the same results that Dr. McCleave looked at on 4-20-17 when she told him that he had Hep C and his liver enzyme levels were a little high, but not high enough to warrant treatment.

20.) On 6-29-17 Plaintiff's mother Catherine Spiers sent emails to MDOC officials, Commissioner Pelicia Hall, Kevin Jackson, Gloria Perry, Darrell Baughn, B. Scott, and Senator Jackson asking why I'm not receiving treatment. (See Exhibits 14) Plaintiff still did not receive treatment.

21.) On 6-30-17 Plaintiff received a letter from Mike Hatten, MDOC Health Service Administrator telling Plaintiff that "Medical Treatment decisions are the **sole responsibility** of the onsite Centurion Medical Providers." (see Exhibit 13) This statement by Defendant Hatten flies in the face of what Centurion/MHM Services employees have been telling the Plaintiff and MDOC policy/SOP # 25-05-4. This policy states: "The facility/site Medical Director will be the final health authority specific to all medical judgments at a contracted facility/site. In cases of conflict, the MDOC Medical Director will be the final health authority." (See Exhibit 26) If there is a conflict the decisions fall to Gloria Perry.

22.) On 6-30-17 Plaintiff's mother Catherine Spiers received emails from Kevin Jackson and Marshal Goff. (See Exhibit 14)

23.) On 7-1-17 Plaintiff sent in another sick call request asking for treatment for Hep C. (See Exhibit 16)

24.) On 7-3-17 Plaintiff mailed a letter to Mike Hatten responding to Hatten's letter. Plaintiff again requested medical

Page 4 G.

treatment/cure for Hep C. (See Exhibit 15)

25.) On 7-8-17 Plaintiff wrote ARP Investigator Cooley requesting to move to the last step in his ARP regarding Hep C treatment. (See Exhibit 17) The time limit for response is 40 days, yet 58 days had passed. MDOC SOP 20-08-01 allows for inmate to proceed to next step. (See Exhibit 31)

26.) On 7-16-17 Plaintiff sent in another sick call request alleging the denial of health care and asking to see someone with the authority to help him. (See Exhibit 18)

27.) On 7-16-17 Plaintiff sent Dr. Ron Woodall, SMCI Medical Director, another request asking to be treated for Chronic Hepatitis. (See Exhibit 20) No response from Dr. Ron Woodall.

28.) On 7-16-17 Plaintiff sent Chief Medical Officer Gloria Perry a request asking to be treated for Chronic Hepatitis. (See Exhibit 19.) Gloria Perry did not respond back to Plaintiff.

29.) On 7-17-17 Plaintiff recieved response to 1st Step Grievance from Dr. Ron Woodall. Dr. Ron Woodall denied Plaintiff's grievance. He stated that Plaintiff was being evaluated for medication. (See Exhibit 21.)

30.) On 7-17-17 Plaintiff was called out to have more lab work.

31.) On 7-19-17 Plaintiff sent in a sick call request asking to have a copy of his lab results and asking to be cured of Hep C. This request has went unanswered. (See Exhibit 22)

32.) On 7-19-17 Plaintiff sent Mike Hatten a request asking for his lab results, and the cure for Hep C. (See Exhibit 23.) Plaintiff has not received a response to this.

33.) On 7-19-17 Plaintiff sent Ron Woodall, SMCI Medical Director a request asking for his lab results, and the cure for hep C. (See Exhibit 24.)

Page 4 H.

34.) On 7-21-17 Plaintiff was called out to see Nurse Practitioner Ford for Chronic Care. Nurse Practitioner Ford explained to the Plaintiff that his liver was in bad shape. She said that a "normal" level is less than 41. She told Plaintiff that his level is 222. Nurse Practitioner Ford went on to explain that she had to "push" for them to do more lab work on the Plaintiff.

35) Up until the present date Plaintiff is not receiving any medical treatment for Hep C.

36) With The new generation of Direct Acting Antivirals the American Association for the Study of Liver Diseases (AASLD) has set forth guidelines for Hep C treatment. They now recommend DAA drug therapy for all Chronic Hep C patients. (See Exhibit 29 Pg 5, 6 Highlighted)

37) Hepatitis C causes liver disease, liver cancer, liver scarring, and death. (See Exhibit 30)

38) Plaintiff has been having multiple symptoms associated with Hep C, such as Nausea, vomiting, constipation, skin irritations, and jaundice. (See Exhibits 32, 35, 36)

39.) On 7-7-17 Plaintiff's Mother, Cathy Spiers spoke with MDOC official Kevin Jackson. Kevin Jackson is the Director of Constituent Services. Kevin Jackson told Cathy Spiers that the Plaintiff was receiving medical treatment for Hepatitis. (See Exhibit 38)

The information that Kevin Jackson gave to Plaintiff's Mother is false. Plaintiff has not received any medical treatment for Hepatitis. The plaintiff in this case does not know if MDOC or Centurion of MS/MHM Services has placed false information in the computer system or not.

Page 4I.

40.) Plaintiff has Chronic Hepatitis A, B, C, but is not receiving treatment for any of it. The AASLD has guidelines for the treatment of these diseases. (See Exhibits 39 and 29.) Exhibit 39 is the guidelines for Hep B treatment. The plaintiff is not a doctor and does not understand much of it or which category he falls in. MDOC and Centurion of MS/MHM Services, Inc has not helped matters. Plaintiff has repeatedly requested copies of his lab results, but those requests have gone unanswered.

41) On 8-6-17 Plaintiff again submitted a request for a copy of his lab results. (See Exhibit 34). This request also went unanswered.

42.) Dr. Gloria Perry is the Chief Medical Officer for MDOC. She has the last say in treatment matters dealing with Hepatitis. The Plaintiff has personally written to her twice (See Exhibits 4 and 19), and Plaintiff's mother has emailed her (See Exhibits 14) Also in Exhibit 14, Marshall Goff, from MDOC's Legal Dept, emailed Cathy Spiers back and told her that her request had been forwarded to Gloria Perry. Gloria Perry knew about this situation. Everyone in MDOC who is diagnosed with hepatitis C goes onto a list. Their name is submitted to Gloria Perry, MDOC's Medical Director / Chief Medical Officer. MDOC has an SOP Titled "Management of Hepatitis Infections," (See Exhibit 25) Line #30 states: "Unreasonable barriers to inmate access to healthcare services Must be avoided." But this is not the case. On the Back of this SOP it states: "All standard operating procedures (SOP's) and/or other directive documents related to the implementation and enforcement of this policy shall bear the signature of and be issued under the authority of the MDOC Medical Director, MDOC General

Page   4 J.

Counsel and the Commissioner of MDOC."

In other words, Gloria Perry, Commissioner Pelicia Hall, and General Counsel Darrell Baughn are responsible for making sure that those with Hep C, Hep B, and Hep A are given treatment and unreasonable barriers to healthcare are avoided.

By Defendants Gloria Perry, Pelicia Hall, and Darrell Baughn refusing to enforce MDOC Policy and give the Plaintiff Medical care for Hepatitis A, B, and C they have shown deliberate indifference to Plaintiff's serious medical need, in violation of the Eighth Amendment of the United States Constitution, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution.

43) According to SOP # 25-05-A Titled "Responsibility of Health Authority", the medical vendor, which is Centurion of MS/MHM Services, Inc will be responsible for the coordination and the provision of health services at the contracted facilities. Defendant Ron Woodall is the Medical Director for Centurion/ MHM Services has the responsibility to arrange and coordinate all levels of offender health care, provide and ensure quality in offender health care, and to provide and ensure offender accessibility to all health services. Ron Woodall, as the facility/ site Medical Director is the final health authority specific to all medical judgments at a contracted facility/site. In cases of conflict, the MDOC Medical Director Gloria Perry will be the final Authority. (See Exhibit 25)

Defendant Ron Woodall denied medical treatment for the plaintiff, (See Exhibit 21) in plaintiff's grievance requesting treatment for hep C.

By Defendant Woodall refusing to treat Plaintiff for hep C, a serious medical need, he is showing deliberate indifference

Page 4 K.

. toward the plaintiff. This constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

44.) Defendant Mike Hatten is the MDOC/SMCI Health Service Administrator. Plaintiff has sent him numerous request for treatment of Hepatitis C. Defendant Hatten's job is to ensure that MDOC offenders receive health care. He has not done this. Therefore Defendant Hatten has shown deliberate indifference to Plaintiff's serious medical need, which constitutes cruel and unusual punishment, in violation of the eighth amendment to the United States Constitution.

45.) Defendant Dr. McCleave blatantly told Plaintiff that he would not receive medical treatment for hep C, even though it can kill him if he does do not receive treatment. Defendant McCleave has shown deliberate indifference to his serious medical need, which constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

46.) Defendant Eubanks has lied to the plaintiff about the seriousness of his liver enzyme levels. She deliberately tried to get plaintiff to stop sending in sick call requests requesting treatment for hep C. She has shown deliberate indifference to his serious medical need, which constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

47.) Defendant Brown, lied to Plaintiff about his lab results when his lab results clearly showed he had a life threatening disease or diseases. She showed Plaintiff deliberate indifference to his serious medical needs, which constitutes cruel and

unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

48.) The Mississippi Dept. of Corrections is using delay tactics to avoid giving Plaintiff treatment for Hepatitis. These delay tactics are hurting the plaintiff. He's sick almost every day and his liver is most likely scarring. Without treatment Plaintiff could die, develop liver cancer or cirrosis. Delaying treatment can reduce the effectiveness of the new DAA medications.

49.) Plaintiff alleges that if he had HIV or Cancer MDOC would treat him with no problem.

50.) The M.D.O.C. is showing deliberate indifference to Plaintiff's serious medical need which constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

51.) By M.D.O.C. picking and choosing which diseases they will and will not treat they are violating the equal protection clause of the 14th Amendment to the United States Constitution.

52.) Centurion of MS, LLC / MHM Services, Inc are using malicious tactics of lying and hiding medical information from the Plaintiff. These tactics have resulted in the Plaintiff not finding out about his illnesses in a timely manner. They have shown deliberate indifference to Plaintiff's serious medical need which constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

53.) Director of Constituent Services Kevin Jackson has repeatedly lied to Plaintiff's mother. He is telling Catherine Spiers that her son is lying to her, and her son is really getting treatment for Hepatitis. Kevin Jackson is showing deliberate indifference to Plaintiff's serious medical need which constitutes cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution.

54) Plaintiff's mother has made complaints to the Missigsippi Attorney General's office alleging that the plaintiff is not receiving medical treatment for hepatitis. (See Exhibit 40)

55) Plaintiff claims that once per week the Mental Health Counselor, Ms. Franklin comes to unit 7. Plaintiff has continually told Ms. Franklin that he is having mental problems over all this because the defendants are letting him die. Plaintiff can't understand how they would let him suffer from a disease there's a cure for.

56) On 8-16-17 it was reported that MDOC just purchased new execution drugs for inmates on death row. MDOC would rather spend money on drugs to Kill inmates rather than life saving drugs to cure inmates with Hep C. (Source: WLOX)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

March 22, 2017 up until the present. On going

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

See Attached pages 4D, 4E, 4F, 4G, 4H, 4I, 4J, 4K, 4L, 4M, 4N

V.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I have Hepatitis A, B, and C. Hepatitis C and B can kill me. My liver level is 222. The normal level is below 41. My liver is most likely scarring. I experience nausea, vommiting, abdominal pain, skin irritations, and Jaundice. I am not receiving any medical treatment. There is a cure for Hep C but I'm being refused it.

VI.    **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims. The Cure for Hep C, treatment for Hep B if needed and: Nominal damages of 1.00 for each defendant, $50,000 from each defendant in actual damages. $20,000 from each defendant in punitive damages, and Compensatory damages for filing fees. I do have a disease that will kill me and make me deathly ill and these defendants are refusing me medical care. I've sat here for months getting sicker and sicker and the defendants have only denied me treatment.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Mississippi State Penitentary   and   South Mississippi Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Denial of Medical Treatment for Hep C, Eighth Amendment Deliberate Indifference.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes At SMCI

☒ No At MSP, Because I did not Know until I arrived at SMCI

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☒ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

At SMCI through the Administrative Remedy Program and I filed some on Centurion of MS, LLC using there own inmate grievance Procedure.
See Exhibits; 1, 2, 3, & 21

2.    What did you claim in your grievance?

I Claimed that I was being denied treatment for Hepatitis C.

see Exhibits; 1, 2, 3, 21

3.    What was the result, if any?

I'm still being denied medical treatment for Hep C. I've requested the Cure for Hep C and I'm still being denied it.    See Exhibit 21

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I did a formal and informal grievances according to Centurion's grievance policy. See Exhibits; 1, 2, 3, 5
I did a grievance according to MDOC policy, and according to policy I've completed it because the man, who according to policy is suppose to answer the second step answered my first step. See Exhibits; 31 (Lines 243-246) 35, 36
Also, it is Dr. Ron Woodall's practice to answer 1st and 2nd step Grievances. See Exhibits; 21, 31 (Lines 243-246) 35, 36
According to SOP 20-08-01 MDOC has 90 days from start to finish of the process. Over 90 days have elapsed.    Page 7 of 11
See Exhibit 31, Exhibit 4

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I Feel I've done everything I could, and then some. Please look over the evidence I've presented. The grievance policy gives them 90 days from start to finish. It's been over 90 days.

Please see Exhibits: 1, 2, 3, 21, 31, 17, 35, 36

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    Chad Spiers # R2904

Defendant(s)    Chaplain Willie Jones, Warden J. Banks, Warden Walter

2.    Court *(if federal court, name the district; if state court, name the county and State)*

United States District Court for the Southern District of Mississippi, Western Division

3.    Docket or index number

5:06-CV-83 MTP, DCB    I believe that was the Number

4.    Name of Judge assigned to your case

District Court Judge David Bramblette and Magistrate Michael T. Parker

5.    Approximate date of filing lawsuit

May 2006

6.    Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition    2009

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Dismissed because we settled

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

IX.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing    *September 25, 2017*

Signature of Plaintiff    *Chad Spiers*

Printed Name of Plaintiff    *Chad Spiers*

Prison Identification #    *R2904*

Prison Address    *SMCI-1, Unit 7A, 1-11    PO Box 1419*

*Leakesville*        *MS*    *39451*
               City        State    Zip Code

B.    **For Attorneys**

Date of signing: _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

               _____
               City        State    Zip Code

Telephone Number    _____

E-mail Address    _____