# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**CHAD EDWARD SPIERS, #R2904**                                   **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 1:17-CV-281-LG-RHW**

**GLORIA PERRY, et al.**                                         **DEFENDANTS**

## ANSWER AND DEFENSES

Defendants Commissioner Pelicia E. Hall, Gloria Perry, Mike Hatten, Darrell Baughn, and Kevin Jackson, by and through counsel, submit their Answer and Defenses to the Plaintiff's Complaint, and would show unto the Court as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants respond to the allegations of the Plaintiffs' Complaint as follows:

**I.**      **The Parties to the Complaint**

       A.      It is admitted that Chad Edward Spiers is the Plaintiff in this action. Any allegations set forth in Paragraph I(A) of the Complaint which are not specifically admitted herein are denied.

       B.      It is admitted that the persons identified by Plaintiff in Paragraph I(B) of his Complaint are defendants in this action. Any allegations set forth in Paragraph I(B) of the Complaint which are not specifically admitted herein are denied.

**II.**      **Basis for Jurisdiction**

       A.      Admitted.

B. It is admitted that Plaintiff has brought this lawsuit pursuant to 42 U.S.C. §1983. Any allegations set forth in Paragraph II(B) of the Complaint which are not specifically admitted herein are denied.

C. N/A.

D. It is admitted that Plaintiff is suing Defendants under 42 U.S.C. §1983. Any allegations set forth in Paragraph II(D) of the Complaint which are not specifically admitted herein are denied.

### III. Prisoner Status

Admitted.

### IV. Statement of Claim

A. Denied.

B. Denied.

C. Denied.

D. The allegations set forth in Paragraphs 1 - 56 under Section IV(D) of Plaintiff's Complaint are denied.

### V. Injuries

Denied.

### VI. Relief

Denied. It is denied that Plaintiff is entitled to any relief from these defendants.

### VII. Exhaustion of Administrative Remedies Administrative Procedures

A. Admitted.

      B.      Admitted.

      C.      Admitted.

      D.      Denied.

      E.      Denied.

      F.      N/A.

      G.      Denied.

**VIII.   Previous Lawsuits**

Admitted upon information and belief.

**IX.    Certifications and Closing**

No response required. To the extent that a response is deemed necessary, denied.

### Additional Claims Asserted by Plaintiff

Defendants deny all claims and allegations asserted by Plaintiff in his filings subsequent to his Complaint ([6], [7], [8], [9], [10], [13]) are denied, and it is denied that Plaintiff is entitled to any relief whatsoever from these defendants.

### SECOND DEFENSE

Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures and done in good faith.

### THIRD DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## FOURTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their immunity from suit, including but not limited to immunity recognized by the Eleventh Amendment.

## FIFTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## SIXTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their state law qualified immunity defenses to suit and liability in this cause, including relief from discovery procedures.

## SEVENTH DEFENSE

Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of Miss. Code Ann. § 11-46-1, et seq., as annotated and amended.

## EIGHTH DEFENSE

Defendants specifically deny that they have willfully violated any law in any manner or respect whatsoever and denies that they are liable to Plaintiff as alleged in the Complaint in any amount or sum whatsoever.

**NINTH DEFENSE**

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them as set forth in the Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

**TENTH DEFENSE**

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

**ELEVENTH DEFENSE**

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWELFTH DEFENSE**

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## THIRTEENTH DEFENSE

Defendants cannot be held vicariously liable in this action. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691–95, 98 S. Ct. 2018, 2036–38, 56 L. Ed .2d 611 (1978).

## FOURTEENTH DEFENSE

Defendants also assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, and waiver.

**NOW**, having fully answered the allegations of Plaintiff's Complaint, and having set forth their defenses thereto, Defendants deny that the Plaintiff is entitled to any relief against them in any form or amount, whatsoever, and hereby move the Court for Entry of an order and final judgment dismissing this cause of action against them with prejudice, with all costs assessed to the Plaintiff. Finally, Defendants move for general and such other relief as the Court deems appropriate herein.

Respectfully submitted, this the 5th day of April, 2018.

        **COMMISSIONER PELICIA E. HALL, GLORIA PERRY, MIKE HATTEN, DARRELL BAUGHN and KEVIN JACKSON, Defendants**

        **JIM HOOD, ATTORNEY GENERAL**
        **STATE OF MISSISSIPPI**

        **BY:** */s/ Benny M. May*

Benny M. May (MSB #100108)
Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601)359-3522
Facsimile: (601) 359-2003
E-mail: bemay@ago.state.ms.us

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will automatically send notice to all counsel of record. I further certify that I have this day caused to be mailed, via U.S. Postal Service, postage prepaid, a true and correct copy of the foregoing document in the above-styled and numbered cause to the following, non-ECF participant:

Chad Edward Spiers, #R2904
South Mississippi Correctional Facility
P.O. Box 1419
Leakesville, MS 39451

This the 5th day of April, 2018.

/s/ Benny M. May