**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CHAD EDWARD SPIERS, #R2904**                                             **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO. 1:17CV-218-LG-RHW**

**GLORIA PERRY, ET AL**                                                  **DEFENDANTS**

## ANSWER AND DEFENSES OF DEFENDANTS CENTURION OF MISSISSIPPI, LLC, UNKNOWN BROWN, UNKNOWN EUBANKS, CHARMINE MCCLEAVE AND RONALD WOODALL

COMES NOW Defendants, Centurion of Mississippi, LLC, Unknown Brown, Unknown Eubanks, Charmine McCleave and Ronald Woodall (collectively "Defendants") and file their Answer and Affirmative Defenses to Plaintiff Chad Edward Spiers' ("Plaintiff") Complaint, and in support thereof, shows the Court as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Defendants were not deliberately indifferent to the serious medical needs of the Plaintiff and thus did not violate Plaintiff's Constitutional Due Process Rights.

**THIRD DEFENSE**

Defendants did not violate Plaintiff's Constitutional Rights.

**FOURTH DEFENSE**

Plaintiff's Complaint is barred to the extent Plaintiff has failed to comply with the Administrative Remedy Program.

1

**FIFTH DEFENSE**

Defendants are not responsible for the acts and omissions of any other person.

**SIXTH DEFENSE**

The facts having not been developed, Defendants, to the extent applicable, assert all affirmative defenses listed in Rule (8)(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

**SEVENTH DEFENSE**

Defendants plead all applicable provisions of the Prison Litigation Reform Act as a bar to Plaintiff's claims, and as a limitation of liability which is denied.

**EIGHTH DEFENSE**

Plaintiff is subject to the provisions of 28 U.S.C. § 1915.

**NINTH DEFENSE**

Plaintiff's Complaint lacks merit, is frivolous, and fails to state a claim and therefore should be dismissed with a "strike" in accordance with the Prison Litigation Reform Act.

**TENTH DEFENSE**

The damages allegedly suffered by Plaintiff, if any, were the result of the Plaintiff's own acts.

**ELEVENTH DEFENSE**

Defendants assert any alleged conduct or omission on their part was not the cause of injury alleged by Plaintiff.

4/532770.2

## TWELFTH DEFENSE

Plaintiff's claims against Defendants are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which Defendants did not control, have a right to control, or have any influence over.

## THIRTEENTH DEFENSE

Defendants at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care, which would be rendered by a reasonably prudent person under the same or similar circumstances.

## FOURTEENTH DEFENSE

Defendants are immune under the federal doctrine of qualified immunity.

## FIFTEENTH DEFENSE

Defendants are immune under Mississippi State Law.

## SIXTEENTH DEFENSE

Defendants are immune from liability under the Mississippi Tort Claims Act, MISS. CODE ANN. §§ 11-46-1, *et seq.* (Rev. 2002 & Supp. 2011).

## SEVENTEENTH DEFENSE

Plaintiff has not exhausted administrative remedies as required by 42 U.S.C. § 1997e (a).

## EIGHTEENTH DEFENSE

To the extent that Plaintiff's Complaint is making a claim under state law for medical negligence, Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law, MISS. CODE ANN. § 11-1-65(a), (c) (Supp. 2007), and Plaintiff did not attach the Notice required by MISS. CODE ANN. § 15-1-36(15) (Rev. 2003), and Plaintiff did not attach the Certificate required by MISS. CODE ANN. § 11-1-58 (Supp. 2007).

## NINETEENTH DEFENSE

Alternatively, Defendants demand application of MISS. CODE ANN. § 85-5-7 (1972) and the appropriate apportionment of damages to all parties who may be liable to Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

## TWENTIETH DEFENSE

Any and all of Plaintiff's alleged injuries and damages were caused by independent, intervening or superseding acts or omissions of others for whose actions Centurion has no liability, vicariously or otherwise, thus reducing any recovery to which the Plaintiff may be entitled against Defendants under the doctrine of comparative negligence. MISS. CODE ANN. § 11-7-15 (1972).

## RESERVATION OF DEFENSES

Defendants reserve the right to affirmatively plead any and all other defenses and affirmative defenses available to it which may become applicable through discovery and during the trial of this cause.

## ANSWER

And now, having affirmatively pled its defenses, Defendants, answering the Complaint, state:

### I. PARTIES

A. Admitted upon information and belief.

B. Defendants admit that Dr. Ronald Woodall, Nurse Eubanks, Nurse Brown, and Charmine McCleave are all employees of Centurion of Mississippi, LLC and provide medical services. Furthermore, Defendants admit that Centurion of Mississippi, LLC is an onsite medical vendor. None of the remaining allegations are

directed at Defendants, and therefore, no response is required. To the extent a response is required, the allegations are denied.

## II. BASIS FOR JURISDICTION

A. Defendants admit that Dr. Woodall, Dr. McCleave, Nurse Brown, and Nurse Eubanks are all employed by Centurion of Mississippi, LLC. All remaining allegations contained in subparagraphs A-D are expressly denied.

## III. PRISONER STATUS

A. Admitted upon information and belief.

## IV. STATEMENT OF CLAIM

A. There are no allegations contained in Paragraph IV. A. and therefore, no response is required.

B. Denied.

C. Denied.

D. Defendants' responses to subparagraphs 1 – 56 are set forth below.

1. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 1 of the Complaint; and, therefore, deny the same.

2. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 2 of the Complaint; and, therefore, deny the same.

3. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 3 of the Complaint; and, therefore, deny the same.

4. Defendants admit that Dr. McCleave is an employee of Centurion of Mississippi, LLC. Defendants are without sufficient knowledge or information to confirm or deny the remaining allegations included in subparagraph 4 of the Complaint; and, therefore, deny the same.

5. Defendants admit that Exhibits 30 and 31 speak for themselves. All remaining allegations contained in subparagraph 5 are denied.

6. Defendants admit that the referenced document speaks for itself.

7. Defendants admit that Exhibits 1 and 2 speak for themselves.

8. Defendants admit that Exhibits 1 and 3 speak for themselves.

9. Defendants admit that Exhibit 4 speaks for itself.

10. Defendants admit that Exhibit 1 and 5 speak for themselves.

11. Defendants admit that Exhibit 6 speaks for itself.

12. Defendants admit that Exhibit 7 speaks for itself.

13. Defendants admit that Exhibit 8 speaks for itself.

14. Defendants admit that Exhibit 9 speaks for itself.

15. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 15 of the Complaint; and, therefore, deny the same.

16. Defendants admit that Exhibit 10 speaks for itself.

17. Defendants admit that Exhibit 11 speaks for itself.

18. Defendants admit that Exhibit 12 speaks for itself.

4/532770.2

19. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 19 of the Complaint and, therefore, deny the same.

20. Defendants admit that Exhibit 14 speaks for itself.

21. Defendants admit that Exhibits 13 and 26 speak for themselves.

22. Defendants admit that Exhibit 14 speaks for itself.

23. Defendants admit that Exhibit 16 speaks for itself.

24. Defendants admit that Exhibit 15 speaks for itself.

25. Defendants admit that Exhibits 17 and 31 speak for themselves.

26. Defendants admit that Exhibit 18 speaks for itself

27. Defendants admit that Exhibit 20 speaks for itself.

28. Defendants admit that Exhibit 19 speaks for itself.

29. Defendants admit that Exhibit 21 speaks for itself.

30. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 30 of the Complaint and, therefore, deny the same.

31. Defendants admit that Exhibit 22 speaks for itself.

32. Defendants admit that Exhibit 23 speaks for itself.

33. Defendants admit that Exhibit 24 speaks for itself.

4/532770.2

34. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 34 of the Complaint and, therefore, deny the same.

35. Denied as stated.

36. Defendants admit that Exhibit 29 speaks for itself.

37. Defendants admit that Exhibit 30 speaks for itself.

38. Defendants admit that Exhibits 32, 35, and 36 speak for themselves.

39. Defendants admit that Exhibit 38 speaks for itself. Defendants are without sufficient knowledge or information to confirm or deny the remaining allegations included in subparagraph 39 of the Complaint; and, therefore, deny the same.

40. Defendants admit that Exhibits 39 and 29 speak for themselves. Defendants are without sufficient knowledge or information to confirm or deny the remaining allegations included in subparagraph 40 of the Complaint; and, therefore, deny the same.

41. Defendants admit that Exhibit 34 speaks for itself.

42. Defendants admit that Exhibits 4, 19, 14, and 25 speak for themselves. The remaining allegations contained in subparagraph 42 are denied.

43. Defendants admit that Exhibits 25 and 21 speak for themselves. The remaining allegations contained in subparagraph 43 are denied.

4/532770.2

44. The allegations in subparagraph 44 are not directed at Defendants, and therefore, no response is required. To the extent a response is required, the allegations contained in subparagraph 44 are expressly denied.

45. Denied.

46. Denied.

47. Denied.

48. The allegations in subparagraph 48 are not directed at Defendants, and therefore, no response is required. To the extent a response is required, the allegations contained in subparagraph 48 are expressly denied.

49. The allegations in subparagraph 49 are not directed at Defendants, and therefore, no response is required. To the extent a response is required, Defendants maintain that they provide medical services compliant with the minimum acceptable standard of care.

50. The allegations in subparagraph 50 are not directed at Defendants, and therefore, no response is required. To the extent a response is required, the allegations contained in subparagraph 50 are expressly denied.

51. The allegations in subparagraph 51 are not directed at Defendants, and therefore, no response is required. To the extent a response is required, the allegations contained in subparagraph 51 are expressly denied.

52. Denied.

53. The allegations in subparagraph 53 are not directed at Defendants, and therefore, no response is required. To the extent a response is required, the allegations contained in subparagraph 53 are expressly denied.

54. Defendants admit that Exhibit 40 speaks for itself.

55. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph 55 of the Complaint; and, therefore, deny the same.

56. Denied as stated.

## V. INJURIES

A. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph A of the Complaint; and, therefore, deny the same.

## VI. RELIEF

A. Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES ADMINISTRATIVE PROCEDURES

A. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph A-G of the Complaint; and, therefore, deny the same.

## VIII. PREVIOUS LAWSUITS

A. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraphs A-D of the Complaint and, therefore, deny the same.

## IX. CERTIFICATE AND CLOSING

A. Defendants are without sufficient knowledge or information to confirm or deny the allegations included in subparagraph A of the Complaint; and, therefore, deny the same.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully requests that the Court enter an Order and Final Judgment dismissing the Plaintiff's Complaint, with prejudice, at Plaintiff's costs with a strike under the PLRA and moves for general and such other relief as the Court deems appropriate.

Respectfully submitted, this the 6th day of April 2018.

/s/ *Michael C. Williams*
Michael C. Williams (MSB# 104537)
Michael J. Bentley (MSB# 102631)
Erin Saltaformaggio (MSB# 103999)
Molly M. Walker (MSB# 100689)
mcwilliams@bradley.com
mbentley@bradley.com
esaltaformaggio@bradley.com
mmwalker@bradley.com

ATTORNEYS FOR CENTURION OF MISSISSIPPI, LLC, UNKNOWN BROWN, UNKNOWN EUBANKS, AND CHARMINE MCCLEAVE, AND RONALD WOODALL

OF COUNSEL
Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 400
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2018, I filed the foregoing via the Court's CMC/ECF system, which will deliver copies to all counsel of record and a hard copy to the following:

Chad Edward Spiers #R2904
South Mississippi Correctional Institution
Area 1, Unit 7A, 1-11
P.O. Box 1419
Leakesville, MS 39451
*Pro Se Plaintiff*

                                                /s/ *Michael C. Williams*
                                                  OF COUNSEL