UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHAD EDWARD SPIERS                                                                                PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:17CV281-RHW

GLORIA PERRY et al                                                                              DEFENDANTS

### ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION

Plaintiff Chad Edward Spiers, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for treatment of Hepatitis C. He also alleges he has contracted Hepatitis A and B. Plaintiff is incarcerated at the South Mississippi Correctional Institution (SMCI). In his complaint, he alleges that he is entitled to treatment of Hepatitis C with Direct Acting Antiviral (DAA) medication. On June 20, 2018, the Court conducted a screening hearing. Plaintiff has filed two motions for preliminary injunction. Doc. [6] & [36]. In each motion, he requests referral to a specialist regarding his suitability for treatment with DAA medication, and treatment for Hepatitis B if needed.

The purpose of a temporary restraining order (TRO) or preliminary injunction is to protect against irreparable injury and preserve the *status quo* until the court renders a meaningful decision on the merits. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)). To obtain a preliminary injunction, plaintiff must show the following:

> (1) a substantial likelihood that plaintiff will prevail on the merits;
> (2) a substantial threat that irreparable injury will result if the injunction is not granted;
> (3) that the threatened injury outweighs the threatened harm to defendant; and
> (4) that granting the preliminary injunction will not disserve the public interest.

*Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Plaintiff bears the burden of persuasion on all four elements." *Commonwealth Life Ins. Co. v. Neal*, 669 F.2d 300, 303 (5th Cir. 1982). In considering these prerequisites the court must bear in mind that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. *Canal Authority*, 489 F.2d at 573. To obtain a temporary restraining order, one of the requirements is that the party seeking the TRO show that "immediate and irreparable injury, loss, or damage will result" to the party seeking the TRO. Fed. R. Civ. P. Rule 65(b).

At issue is whether Defendants have been deliberately indifferent to Plaintiff's medical condition. To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff fails to demonstrate a substantial likelihood that he will prevail on the merits of his claim of inadequate medical care. Plaintiff offers hearsay statements from medical personnel

that his liver enzyme levels are dangerously high.  On the other hand, Defendants have submitted the affidavit of Dr. Ronald Woodall, one of Plaintiff's treating physicians at SMCI.  Doc. [39-1].  Dr. Woodall acknowledges that Plaintiff has tested positive for Hepatitis C.  However Dr. Woodall states that Plaintiff has been placed in chronic care to monitor his condition.  Dr. Woodall further states that Plaintiff's enzyme levels are not sufficiently high to classify as "mild fribrosis".  Nor are Plaintiff's enzyme levels high enough to warrant referral to a specialist for evaluation of treatment with anti-viral medications.  According to Dr. Woodall, Plaintiff has requested treatment and has been referred to a specialist in gastrointestinal diseases.  While this appointment is pending, Plaintiff will undergo routine monitoring of his condition.  Based on Dr. Woodall's affidavit, the Court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claim that Defendants have been deliberately indifferent to his condition.

    IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [6] [36] Motions for Preliminary Injunction are DENIED.

    SO ORDERED AND ADJUDGED, this the 25th day of June, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE