UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHAD EDWARD SPIERS                                                        PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:17CV281-RHW

GLORIA PERRY et al                                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chad Edward Spiers, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for treatment of Hepatitis C. Doc. [1]. The Court conducted a screening hearing on June 20, 2018. The parties consented to proceed before a United States Magistrate Judge. Doc. [41].

According to Plaintiff's complaint, in March 2017, he tested positive for Hepatitis C. On March 22, 2017, he was transferred to the Mississippi State Penitentiary at Parchman. While at Parchman, he spoke to Defendant Nurse Dawn M. Brown about his test results, who told him his test results came back normal. On April 13, 2017, Plaintiff was transferred to the South Mississippi Correctional Institution (SMCI). Shortly thereafter, he was placed in Chronic Care to monitor his condition. According to Plaintiff, Defendant Dr. Charmine McCleave told him he had tested positive for Hepatitis C, but his enzymes were not high enough to warrant treatment.

In his complaint, Plaintiff alleges continual denial of medical care for Hepatitis C. Plaintiff requests treatment with a direct acting, anti-viral medication to cure his Hepatitis C. He spoke to Defendant Nurse Christena D. Eubanks and Defendant Dr. Ron Woodall about his condition, but received no prescription or treatment from an outside specialist. He also spoke with numerous Mississippi Department of Corrections (MDOC) employees who have been named as Defendants, but received no favorable response to his request for treatment. Plaintiff

also has named as a Defendant Centurion of Mississippi, LLC. Centurion provides medical services for MDOC.

Defendants Centurion, Nurse Brown, Nurse Eubanks, Dr. McCleave, and Dr. Woodall have filed a motion for summary judgment. Doc. [51]. Defendants Darrell Baughn, Pelicia Hall, Mike Hatten, Kevin Jackson, and Gloria Perry, who are all employees of MDOC, have joined in the motion. Doc. [55]. Plaintiff has not filed a response in opposition to the motion for summary judgment.

## Law and Analysis

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other contested issues of fact are rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on its motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56

contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

Plaintiff alleges that he tested positive for Hepatitis C and requested treatment with directing acting, anti-viral medication from the Defendants, but Defendants have refused to provide the desired medication. To state a constitutional claim for denial of adequate medical care, a plaintiff must demonstrate that defendants were deliberately indifferent to plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Constitution guarantee prisoners "only adequate, not optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845, at *4 (E.D. La. Apr. 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). A delay in medical care may, under certain circumstances, state a claim for constitutionally inadequate medical care. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Id.* at 195. However, "the decision whether to provide additional treatment 'is

3

a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Disagreements about whether an inmate should be referred to a specialist as part of ongoing treatment do not constitute deliberate indifference. *See Alfred v. Texas Dep't of Criminal Justice*, No. 03-40313, 2003 WL 22682118, at *1 (5th Cir. Nov.13, 2003); *Hickman v. Moya*, No. 98-50841, 1999 WL 346987, at *1 (5th Cir. May 21, 1999).

In support of their motion for summary judgment, Defendants provided the declaration of Defendant Dr. Woodall. Doc. [51-1]. According to Dr. Woodall, Plaintiff tested positive for Hepatitis C on March 24, 2017. Plaintiff received a follow-up test on April 20, 2017 and was placed in Chronic Care to monitor his condition. Dr. Woodall stated that Plaintiff's AST to Platelet Ratio Index (APRI), which is used to monitor fibrosis of the liver, measured at 0.9, which is significantly less than 2.5, which is classified as "mild fibrosis". According to Dr. Woodall, patients with elevated enzymes, as reflected in an APRI score of 2.5, would be referred to a specialist for evaluation of treatment with anti-viral medications and other treatments. Although Plaintiff's enzyme levels have not demonstrated a worsening condition, in February 2018, Plaintiff was referred to a specialist in gastrointestinal diseases. In the meantime, Plaintiff received constant, routine monitoring. Eventually, on November 1, 2018, Dr. Bridgers of GI Associates of North MS evaluated Plaintiff and recommended that he be treated with anti-viral medication. At no point during the interval from February 2018 until November 1, 2018 did Plaintiff's enzyme levels demonstrate a worsening or deteriorating condition. Plaintiff has not filed a response in opposition or presented summary judgment evidence disputing Dr. Woodall's description of the course of treatment Plaintiff has received. The Court finds that the course of treatment provided to Plaintiff does not constitute deliberate indifference. *See Davidson v. Texas Dep't of Criminal Justice*, 91 Fed.Appx. 963 (5th Cir. 2004) (upholding dismissal of prisoner's

civil rights action alleging prison officials' refusal to treat hepatitis with medication); *Harris v. Epps*, 2012 WL 3114555, at *4 (S.D. Miss. July 31, 2012) (rejecting prisoner's claim of constitutionally inadequate medical care for, among other things, his hepatitis C, where the condition was being routinely monitored and treated).

    IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' [51] Motion for Summary Judgment is GRANTED and that Plaintiff's complaint is dismissed with prejudice as to all claims and all Defendants.

    SO ORDERED AND ADJUDGED, this the 5th day of June 2019.

    /s/ *Robert H. Walker*
    ROBERT H. WALKER
    UNITED STATES MAGISTRATE JUDGE